UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REGINALD JOHNSON,                           CIVIL ACTION NO.:
                    Plaintiff

                                            JUDGE: **19-13720**
vs.

JOHN DOE, ACADIAN AMBULANCE SERVICE,
JOHN DOE, ACADIAN AMBULANCE SERVICE,        MAGISTRATE: **SECT. H MAG. 4**
ACADIAN AMBULANCE SERVICE, LLC; and
XYZ INSURANCE COMPANIES, ET AL.,
                    Defendants

PETITION FOR TORT DAMAGES
JURY TRIAL DEMANDED

MAY IT PLEASE THE COURT:

    COMES NOW, Reginald Johnson, (Plaintiff), through non-counsel charitable
efforts and out of an abundance of caution, moves for cause against Defendants
John Doe, John Doe, Acadian Ambulance Service, LLC; and XYZ Insurance Com-
panies, et al., would state:

PRELIMINARY SYNOPSIS

    This civil action filed by Reginald Johnson is for monetary damages,
exemplary damages, punitive damages, declaratory judgment; and injunctive
relief under 28 U.S.C. §1346(b); and 42 U.S.C. §1983, alleging denial of due
process and equal protection clauses, inter alia, violating the Fifth, Eighth
and Fourteenth Amendments to the United States Constitution. Also, plaintiff
alleges the tort of deliberate indifference and gross negligence relevant
to loss and injuries.

JURISDICTION

    This Court has jurisdiction over plaintiff's claims of violations of
federal constitutional rights pursuant to 28 U.S.C. §1331. Also, this Court

TENDERED FOR FILING

NOV 18 2019

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

has supplemental jurisdiction over plaintiff's state law tort claims under 28 U.S.C §1367.

## PARTIES

Plaintiff is an adult citizen of the Parish of Orleans, State of Louisiana. At all times material hereto, plaintiff was initially under the care of Acadian Ambulance Service when defendants were first informed and made aware that the violations exists and occurred. Moreover, plaintiff was the patient for Acadian Ambulance Service at all times pertinent during the events described in this suit.

Defendant is an adult citizen presumptively of the Parish of Lafeyette, State of Louisiana. Defendant John Doe is certified paramedic for Acadian Ambulance Service and is generally responsible for adhering to and complying with ambulance and hospital policies, rendering proper services, screening, interviewing all potential patients for Acadian Ambulance Service **(AAS)**. He is a state actor and is sued in his individual, official, personal and/or private capacity; and in whatever necessary capacity is appropriate by the court.

Defendant is an adult citizen presumptively of the Parish of Lafeyette, State of Louisiana. Defendant John Doe is the other certified paramedic for Acadian Ambulance Service **(AAS)** and is generally responsible for adhering to and complying with ambulance and hospital policies, rendering proper services, screening, interviewing all potential patients for (AAS). He is a state actor and is sued in his individual, official, personal and/or private capacity; and in whatever necessary capacity is appropriate by the court.

Defendants are adult citizens presumptively of the Parish of Lafeyette, State of Louisiana. Defendants (AAS) is the Company and entity generally re-

2

sponsible for providing services to hospitals, patients, inter alia, and ad-
hering to and complying with its policies, inter alia, rendering proper ser-
vices to all potential patients, inter alios, ensuring John Doe and John Doe
would act in accordance with its policies, regulations, statutes, etc.
AAS is a state actor and is sued in its individual, official, personal and/or
private capacity; and in whatever necessary capacity is appropriate by the
court.

Defendants are adult citizens presumptively of the Parish of Lafeyette,
State of Louisiana. Defendants XYZ Insurance Company (**XYZ**) is the Company and
entity that underwrites on behalf of AAS. XYZ are the insurers for AAS, and
is generally responsible ensuring AAS would act in accordance with its policies,
regulations, statutes, etc., ensuring to pay any; and all claims for damages
under statute with which the defendants may be legally liable because of any
wrongful acts perpetrated by its insured customers. Any and all insurers whom
may be eventually named in this suit are deemed state actors and are sued in
their individual, official, personal and/or private capacities; and in whatever
necessary capacities are appropriate by the court.

Plaintiff preserve the right to supplement any additional defendants.

## NOTICE OF CLAIM

During August 20, 2018 plaintiff filed a grievance with AAS. There was
no answer nor response by AAS. On September 22, 2018 plaintiff filed another
grievance with AAS which sought an answer to its initial grievance. There-
after, approximately October 2, 2018 an alleged counsel/representative for
AAS contacted plaintiff via telephone discussing a settlement, but counsel
then ceased communication thereafter. On December 3, 2018 plaintiff sought
the grievance form-95 from the United States Department of Health and Human

3

Services **(DHHS)** hoping to file a grievance. Because (DHHS) were unable to reach plaintiff concerning the December 3rd request, on January 7, 2019 the plaintiff again sought a grievance form via certified mail. On January 9, 2019 (DHHS) unsuccessfully forwarded the grievance form-95 to plaintiff. Plaintiff did not receive such form, thus, (DHHS) re-submitted another form on April 10, 2019. Plaintiff completed the grievance form on April 23, 2019. DHHS received plaintiff's grievance on May 2, 2019 via certified mail: 7016 2710 0001 0793 2376. Thereafter, on May 22nd a final determination of the administration tort claim was denied.

## FACTS

AAS were dispatched on Friday, August 10, 2018 to transport plaintiff from 1925 Josephine Street, New Orleans to JenCare Senior Medical Center, 4710 South Corrollton Avenue, New Orleans. Reaching the destination at Josephine Street the paramedics summoned for additional assistance whereby another ambu-lance (AAS) arrived[1] and assisted with lifting the gurney due to the plaintiff's weight. Upon reaching the second destination at South Corrollton Avenue the paramedics safely released the plaintiff into the care of JenCare for his scheduled treatment. Following treatment, John Doe and John Doe arrived[2] at JenCare to transport plaintiff back to Josephine Street, apt. #B. Prior to de-parting JenCare, John Doe and John Doe received assistance[3] in lifting plaintiff

---

1. There are four different paramedics on this scene and none of them are considered defendants.
2. Both John Does are made defendants.
3. Assistance were crucial just as it was when summoning more paramedics at the Josephine Street location.

onto their ambulance's gurney[4/] and knew plaintiff was disable, not able to stand, balance nor walk alone. After leaving JenCare and reaching plaintiff's destination; and without the necessary assistance required involving the previous occasions, both John Does took on the task themselves removing its gurney from the ambulance while plaintiff still strapped thereto and proceeded towards plaintiff's residence having stairs onto a porch. However, the wheels onto the gurney became trapped in a grassy area causing both John Does unable to reach their full destination (into plaintiff's home). Considering such malfunction/problem, the paramedics decided to release plaintiff from its gurney and then escorts plaintiff **(each on the opposite side of plaintiff)** helping from that point/area up some stairs onto a porch whereat plaintiff were about to insert the door-key assuming both paramedics were still behind himself assisting/securing his balance. Without ensuring plaintiff made it into his residence the paramedics abandoned him at which he fell backwards onto a concrete porch,[5/] rolling off the porch onto a concrete foundation between two houses (his residence and the neighbor's). After being alerted, the paramedics rushed with assistance, treated the areas with bandages where there were discharge of blood, and then eventually escorts plaintiff into his residence, ensuring plaintiff only sustained scratches, thereafter departing the scene. Because of the pains, plaintiff immediately notified JenCare as to the incident and JenCare then immediately summoned for another ambulance (AAS), whom

---

4. On August 20, 2018 JenCare were contacted, requesting to preserve its security video footage in which presumptively corroborate said event.
5. A pedestrian witnessed plaintiff's fall prior to approaching the ambulance alerting that plaintiff has fallen, lying on the porch.

thereat transported plaintiff to Ochsner Medical Center-Baptist as a result of injuries to the head, neck, back, left elbow fracture-numbness-tingling fingers, left-side hip; and left knee.

On August 20, 2018 plaintiff filed a grievance with AAS to no avail. Plaintiff filed another grievance with AAS on September 22, 2018 and as a result received a telephone call from AAS's counsel, but thereafter communication ceased. Then plaintiff filed another grievance with DHHS on May 2, 2019 and on May 22, 2019 the grievance, final determination tort claim was denied.

<u>DENIAL OF DUE PROCESS AND MEDICAL SERVICES</u>

While in the care of AAS, after such fall plaintiff should have reasonably been transported to any hospital to be examined. Plaintiff trusted and believed the paramedics' professional decision: "he **[plaintiff]** only sustained scratches, you'll be alright," during a bandage treatment procedure. The paramedics' false communication thereby convinced plaintiff that he should not seek hospital transportation with them based on minor scratches.

The paramedics' communication were misleading where plaintiff has a right to be heard which is the most basic due process right. Both knew of plaintiff's pains, showing a lack of concern to plaintiff's suggestion violate due process.

Without seeking additional medical opinions, inter alia, the paramedics abandoned plaintiff and failed to report and/or document the incident.

Pursuant to AAS and hospitals procedures, plaintiff have a right to be treated in a dignified and respectful manner and to receive reasonable responses to reasonable requests for services; the right to care or services provided without discrimination based on socioeconomic status; the right to participate in decisions about care, including developing treatment plan; the right to be

6

.free from neglect.

While at Ochsner Medical Center-Baptist on August 10, 2018, plaintiff was informed by Dr. Rahul P. Prasankumar, MD, Attending Provider; and Dr. Alexis M. Guidry, PA-C, Physician Assistant, that plaintiff sustained closed fracture of proximal end of left ulna, unspecified fracture morphology; and minor head injury without loss of consciousness.

Defendant John Doe's failure to comply with AAS's and hospitals' rules, regulations and policies barred, postponed and deprived medical service to plaintiff which subjected continuous pain and suffering; pose the risk of injuries and possible future injuries.

The other Defendant John Doe's failure to comply with AAS's and hospitals' rules, regulations and policies barred, postponed and deprived medical service to plaintiff which subjected continuous pain and suffering; pose the risk of injuries and possible future injuries.

Defendants AAS's failure to render services, correct and/or properly screen unethical practices committed by Defendants John Doe and John Doe has pose the risk of injuries and possible future injuries.

Defendants XYZ Insurance Company's failure to correct and/or properly investigate and screen unethical practices committed by Defendants AAS, John Doe and John Doe, a matter that has pose the risk of injuries and future injuries.

At all times relevant to the events described in this suit the defendants demonstrated deliberate indifference and gross negligence when they collectively barred, deprived and failed to correct and render proper medical services.

## CAUSE OF ACTION

Plaintiff is entitled to relief because the defendants committed acts of medical malpractice. The defendants owed plaintiff a duty of care/services but breached that duty under 28 U.S.C. §1346(b); 42 U.S.C. §1983. Plaintiff suffered damages and the breach of duty proximately caused the damages. Plaintiff is entitled to direct relief and damages from AAS insurers' policies.

The tort action of John Doe and John Doe exacerbated plaintiff's situation; were done maliciously and sadistically, and constituted abridging the rights of plaintiff, violating the Fifth, Eighth and Fourteenth Amendments.

Defendants must take reasonable measures to protect, therefore, the tort action of AAS and XYZ Insurance Company, committing and justifying acts of John Doe and John Doe which exacerbated plaintiff's ordeal were done maliciously and sadistically; thereby abridging the rights of plaintiff, violating the Fifth, Eighth and Fourteenth Amendments.

The failure and inertness of all defendants to correct and render proper services and treatment, inter alia, and to acknowledge plaintiff's loss and injuries constitutes the tort of gross negligence.

The concerted tort actions of John Doe, John Doe and AAS, inter alios, failure and inertness to acknowledge and provide proper services exacerbated plaintiff's ordeal were done maliciously and sadistically, and constitutes deliberate indifference violating the United States Constitution. The tort action of defendants' insurers pursuant to policies and statutes, its failure and inertness to correct and preclude its customers, inter alios, were done maliciously, sadistically and negligently constituting deliberate indifference.

All defendants' concerted acts described herein resulted solely under color of state law constituting gross negligence, maliciously wanton, surreptitiousness, carelessness, deliberate indifference, inter alia, in the course and purview of their employment and authority.

At all times relevant mentioned, there exists a valid and outstanding insurance policies issued by the insurers, in favor of all defendants named herein, inter alios, by which said insurers has undertaken to satisfy and pay any and all claims for damages for which the defendants may be legally liable because of any onus and wrongful acts perpetrated by its customers. As a consequence of the events set forth in this suit, plaintiff has a direct right of action against said insurance companies as the insurers of all defendants herein.

<u>DEMAND FOR JUDGMENT</u>

**WHEREFORE,** plaintiff requests that after due proceedings had, that there be judgment in favor of **REGINALD JOHNSON,** and against all named **DEFENDANTS,** inter alios, through the State of Louisiana, through **XYZ INSURANCE COMPANIES** and its underwriters, all businesses/corporations **(JOHN DOE, JOHN DOE; AND ACADIAN AMBULANCE SERVICE, LLC)** authorized to do and doing business in the State of Louisiana, out of an abundance of caution, in their individual, official, personal and/or private capacities; and in whatever necessary capacities are appropriate, be duly cited to appear and answer this suit; that they be served with copies through their counsels thereof, holding them liable jointly, severally and in solido for such full sum described infra as the Jury and Court shall deem reasonable and proper, together with legal interest thereon, from judicial demand until paid, plus all costs of these proceedings,

and for such further and other legal and equitable relief as the Jury and Court shall deem necessary and proper.

Moreover, plaintiff requests the Court grant the following relief:

Issue a declaratory judgment stating:

(1) The unethical acts subjected upon plaintiff has violated his rights under the Fifth, Eighth; Fourteenth Amendments, constituting a tort under federal and state law; including malpractice, inter alia, under federal/state law.

(2) Defendants AAS's failure and inertness to take action to curb and preclude the outrageous acts subjected upon plaintiff violated his rights under the Fifth, Eighth; and Fourteenth Amendments.

(3) Defendants John Doe/AAS and John Doe/AAS's acts in depriving reasonable medical service to plaintiff's ordeals violated his rights under Due Process Clause of the Fifth, Eighth; and Fourteenth Amendments.

(4) Defendants XYZ Insurance Companies and its underwriters' failure and inertness to take action to curb and preclude the unethical practices committed through John Doe, John Doe; and AAS violated plaintiff's rights under the Fifth, Eighth; and Fourteenth Amendments.

Issue an injunction ordering Defendants XYZ Insurance Companies or their agents to:

(1) In its entirety, act in accordance and/or in compliance with any and all relevant and necessary federal and state contracts, policies, regulations, statutes, etc., inter alia, that requires payments to plaintiff.

(2) Comply forthwith, the necessary actions directed by the Court.

Award monetary damages in the following amounts:

(1) **$300,000** jointly and severally against John Doe/AAS and John Doe/AAS for the physical, emo-

tional, mental, inter alia, and cognizable
loss/injuries resulted from their failure and
inertness to provide adequate and reasonable
medical services to plaintiff.

(2) **$450,000** jointly and severally against AAS
and XYZ Insurance Companies for the physical,
emotional, mental, inter alia, and cognizable
loss/injuries sustained as a result of their
Denial of Due Process.

(3) **The required sum**, jointly and severally against
XYZ Insurance Companies for the physical, emotional,
mental, inter alia, and cognizable loss/injuries
resulted from their failure and inertness to cor-
rect and preclude the unethical practices, mal-
practice; inter alia, described herein.

Award exemplary damages in the following amounts:

(1) **$200,000** each against Defendants John Doe/AAS
and John Doe/AAS

(2) **$550,000** each against Defendants XYZ Insurance
Companies; et al.

Award punitive damages in the following amounts:

(1) **$600,000** each against Defendants John Doe/AAS,
John Doe/AAS; and AAS, LLC.

(2) **$800,000** each against Defendants XYZ Insurance
Companies; et al.

Grant any such other relief as it may appear that plaintiff is entitled.

**EXECUTED** on this the _18th_ day of November, 2019.

Respectfully submitted,

Reginald Johnson
6316 Kuebel Drive
New Orleans, LA 70126
504-351-4158/504-255-5596

11

**PLEASE SERVE DEFENDANTS:**

John Doe, Paramedic
Acadian Ambulance Service, LLC
Corporate Office
130 East Kaliste Saloon Road
Lafayette, LA 70508,

John Doe, Paramedic
Acadian Ambulance Service, LLC
Corporate Office
130 East Kaliste Saloon Road
Lafayette, LA 70508,

Acadian Ambulance Service, LLC
Corporate Office
130 East Kaliste Saloon Road
Lafayette, LA 70508; and

XYZ Insurance Companies, et al.
Address presently unknown and
plaintiff preserve the right
for service when address become
available.

## CERTIFICATE OF SERVICE

I certify, I have this day caused the foregoing to be filed with Clerk's Office, United States District Court, Pro Se Unit, 500 Poydras Street, New Orleans, LA 70130, via United States mail, consist of the original and eight copies, including the In Forma Pauperis application.

SO CERTIFIED, this the _18th_ day of November, 2019.

Reginald Johnson
6316 Kuebel Drive
New Orleans, LA 70126
504-351-4158/504-255-5596



C-151

Reginald Johnson
6316 Kuebel Drive
N.O. LA 70126

Clerk's Office
United States District Court
500 Poydras Street Room C151
N.O. LA 70136

PRIORITY MAIL
★ ★
UNITED STATES
POSTAL SERVICE ®
For Domestic and International Use
TRACKED
★ ★ ★
INSURED
Label 107R, May 2014

PRIORITY MAIL
★ ★
UNITED STATES
POSTAL SERVICE ®
For Domestic and International Use
TRACKED
★ ★ ★
INSURED
Label 107R, May 2014

EXPECTED DELIVERY DAY: 11/18/19

C026

USPS TRACKING® NUMBER

SHIP
TO:
500 POYDRAS ST
STE C151
NEW ORLEANS LA 70130-3367

9505 5154 4793 9319 2095 16



UNITED STATES
POSTAL SERVICE

**P**

*Retail*

US POSTAGE PAID

**$7.85**

Origin: 70119
11/15/19
2165800019-30

PRIORITY MAIL 1-DAY ®

1 Lb 2.70 Oz

1006