UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REGINALD JOHNSON                           CIVIL ACTION

VERSUS                                     NO: 19-13720

JOHN DOE, ET AL.                           SECTION: "H" (4)

<u>ORDER AND REASONS</u>

Before the Court is a Motion to Dismiss filed by Defendant Acadian Ambulance Service, Inc. (Doc. 6). For the following reasons, the Motion is **GRANTED**.

<u>BACKGROUND</u>

*Pro se* Plaintiff Reginald Johnson brings this suit against Acadian Ambulance Service, Inc. ("Acadian"), two of its paramedics, and other parties that Plaintiff has yet to identify. Plaintiff alleges that after being treated at a medical facility, two Acadian paramedics transported him back to his home in New Orleans. Because the paramedics had trouble with the gurney, they allegedly released Plaintiff from the gurney and assisted him in walking up the stairs to his front door. Plaintiff alleges that when he was opening the door to his residence, assuming the paramedics were still next to him, he fell backward onto his concrete porch and he rolled off the porch onto a concrete foundation. Plaintiff seeks damages from Defendants for his injuries.

Acadian brings the instant Motion under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff's Complaint states no basis for establishing subject matter jurisdiction. Alternatively, Acadian relies on Rule 12(b)(6),

1

arguing that Plaintiff fails to state a claim. Plaintiff has not filed a response to the Motion.[1]

## LEGAL STANDARD

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court.[2] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[3] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[4] The proponent of federal court jurisdiction—in this case, the Plaintiff— bears the burden of establishing subject matter jurisdiction.[5]

## LAW AND ANALYSIS

Though Plaintiff has not filed an opposition, the Court may not simply grant the Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[6] Accordingly, this Court has considered the merits of Defendant's Motion. Because Plaintiff is *pro se*, his pleadings must be liberally construed.[7]

---

[1] The Court waited to adjudicate this Motion pending the outcome of Plaintiff's Motion to Appoint Counsel, which was denied by the magistrate judge on July 15, 2020.

[2] FED. R. CIV. P. 12(b)(1).

[3] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

[4] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).

[5] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).

[6] *See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).

[7] Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The Court addresses the jurisdictional challenge first.[8] The basic statutory grants of federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332, and indeed, the Complaint alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. Section 1331 vests district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[9] The well-pleaded complaint rule governs the existence *vel non* of federal question jurisdiction.[10] Pursuant to this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[11] A federal question is present "when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."[12] Federal question jurisdiction is not invoked when a purported federal claim is "so insubstantial, implausible, foreclosed by prior decision . . . or otherwise completely devoid of merit as not to involve a federal controversy."[13]

There is no federal question apparent from the face of Plaintiff's Complaint. Plaintiff cites 28 U.S.C. § 1346(b), but this statute gives district courts jurisdiction over civil actions for injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting

---

[8] *See* Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

[9]  28 U.S.C. § 1331.

[10]  Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003).

[11]  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

[12] Vaden v. Discovery Bank, 556 U.S. 49, 60 (2009) (alteration in original) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)); see also Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 366 (5th Cir. 1995) ("[A] suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law.").

[13] Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N.Y. v. Cty. of Oneida, 414 U.S. 661, 666 (1974)).

within the scope of his office or employment."[14] Acadian and its employees are private actors, so this statute is inapplicable here.

Plaintiff also cites 28 U.S.C. § 1983, but this statute applies to any person acting "under color of any statute, ordinance, regulation, custom, or usage" of any state.[15] The Complaint alleges that the paramedics failed to comply with Acadian's rules and policies, but these rules are not State law. These rules were promulgated by Acadian, a private company. The Court does not have jurisdiction through this statute.

In addition to these statutes, Plaintiff cites the Fifth, Eighth, and Fourteenth Amendments. These amendments, however, "relate to limitations on governmental action."[16] Acadian is a private company, and Plaintiff does not assert what connection, if any, exists between Acadian and the government. Thus, these amendments provide no basis for subject matter jurisdiction over this case.[17]

There is also no basis for diversity jurisdiction in this case. Under 28 U.S.C. § 1332, the parties would need to be diverse in citizenship.[18] However, Plaintiff fails to establish this. Indeed, Acadian avers that all parties in this suit are all domiciled in Louisiana.

Because the Court does not have subject matter jurisdiction over this case, the case must be dismissed. Accordingly, the Court need not reach Defendant's argument under Rule 12(b)(6).

---

[14] 28 U.S.C. § 1346(b).
[15] *Id*. § 1983.
[16] Ford v. British Petroleum, PLC, Civil Action No. 15–1726, 2015 WL 5665146, at *5 (E.D. La. Sept. 24, 2015).
[17] *See id*.
[18] 28 U.S.C. § 1332.

## <u>CONCLUSION</u>

For the foregoing reasons, the Motion to Dismiss  (Doc. 6) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana this 21st day of July, 2020.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

5